**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4202**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ANTONIO HOOD, a/k/a Tony,

                                        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., Chief
District Judge.  (CR-02-1173-JFA)

Submitted:  April 21, 2006          Decided:  May 25, 2006

Before LUTTIG,* MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron B. Littlejohn, Jr., Columbia, South Carolina, for
Appellant.  Marshall Prince, Jonathan Scott Gasser, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

---

        *Judge Luttig was a member of the original panel but did not
participate in this decision.  This opinion is filed by quorum of
the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Antonio Hood appeals his conviction and sentence imposed after he pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base or crack cocaine and five kilograms of cocaine, in violation of 18 U.S.C. §§ 841(b)(1)(A), 846 (2000).  On appeal, Hood's counsel filed a brief under Anders v. California, 386 U.S. 738, 744 (1967), stating there were no meritorious issues, but raising the issue of whether the district court complied with Rule 11 in accepting Hood's guilty plea and whether the life sentence was required.  Hood filed a pro se supplemental brief alleging ineffective assistance of counsel. We affirm.

We find no error with respect to either the Rule 11 proceeding or the statutory mandatory life sentence.  Hood contends counsel was ineffective on a number of counts.  Insofar as Hood claims counsel was ineffective for not challenging the drug quantity in the presentence investigation report, this claim is without merit because Hood was sentenced to a statutory sentence. The recommended sentence under the guidelines was not relevant. With respect to his other challenges to counsel's effectiveness, the proper proceeding in which to pursue an ineffective assistance of counsel claim is not a direct appeal but a collateral proceeding under 18 U.S.C. § 2255 (2000).  United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).  We will entertain such a claim on direct

- 2 -

appeal only if it "conclusively appears" from the record that the defendant's counsel was ineffective. United States v. Russell, 221 F.3d 615, 619 n.5 (4th Cir. 2000). Because the record is incomplete in this regard, the claim will not be reviewed.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Hood's conviction and sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED